IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

NICHOLAS E. HERBERT and
MARY D. MCCALEB HERBERT                                          PLAINTIFFS

v.                                              CAUSE NO. 1:16CV85-LG-RHW

CITIMORTGAGE, INC. f/k/a
CITIFINANCIAL MORTGAGE COMPANY, INC.;
CITIBANK, N.A.; and JOHN AND JANE DOES A-Z           DEFENDANTS

### MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

BEFORE THE COURT is the [10] Motion to Dismiss filed by Defendants CitiMortgage, Inc. ("CitiMortgage") and Citibank, N.A. ("Citibank") (collectively, "Defendants"), pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Court has considered the parties' submissions and the relevant law, and is of the opinion that the Motion should be granted in part and denied in part.  While Plaintiffs' Amended Complaint could be clearer, the *Federal Rules of Civil Procedure* do not require absolute clarity to survive a motion to dismiss.  Furthermore, the Court finds that Plaintiffs have sufficiently pled violations of the Real Estate Settlement Procedures Act (RESPA) related to Qualified Written Reports (QWRs).  However, the Court is of the opinion that the QWR claims against Citibank should be dismissed based on the plain language of the applicable statute.

### BACKGROUND

This action concerns the servicing of Plaintiffs' mortgage loan with Defendants.  According to the 80-paragraph, 33-page [3] Amended Complaint,

Defendants negligently, recklessly, and/or grossly mishandled the loan for several years, continuing through the present. Defendants have move to dismiss the Amended Complaint on multiple grounds: (1) Plaintiffs have improperly made cumulative allegations against Defendants and have "fail[ed] to distinguish between the actions of each Defendant[;]" (Mot. 1-2, ECF No. 10); (2) Plaintiffs' allegations related to violations of "State and Federal" law are in contravention of *Twombly* and *Iqbal*; and (3) the RESPA allegations related to QWRs do not state a claim.

## DISCUSSION

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts "as true the well-pleaded factual allegations in the complaint and construe[s] the complaint in the light most favorable to the plaintiff." *Hermann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 557 (5th Cir. 2002). To survive dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

Applying this standard, the Court is of the opinion that dismissal is not warranted, except with respect to Plaintiffs' QWR claims against Defendant Citibank.  First, regarding Defendants' argument related to distinguishing between actions committed by each Defendant, the Court adopts the same reasoning as in *Griffin v. HSBC Mortgage Services, Inc.*, No. 414cv00132DMBJMV, 2016 WL 1090578 (N.D. Miss. Mar. 18, 2016).  Namely, Plaintiffs have "essentially alleged that each defendant participated in the misconduct described in the Complaint." *See id.* at *3.  This is sufficient for pleading purposes, although "it may be appropriate to narrow the focus of the case" at a later time.[1]  *See id.*

Second, the Amended Complaint contains painstaking factual detail. Defendants do not take issue with the factual allegations, but, rather, with Plaintiffs' allegations of violations of state and federal law, without identifying the specific law.  "But, Rule 8(a)(2) of the Federal Rules of Civil Procedure[2] does not treat legal descriptions of a claim the same as factual averments." *Johnson v. Honda*, No. 3:15cv223-DPJ-FKB, 2015 WL 5794449, at *3 (S.D. Miss. Oct. 1, 2015). Indeed, "[t]he Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the '*factual* allegations' in the complaint.  [Therefore, a] complaint

---

[1] Nevertheless, as discussed below, based on the plain language of the statute, Plaintiffs cannot state a QWR claim against Defendant Citibank, regardless of its allegations that each defendant participated in the misconduct described in the Amended Complaint.

[2] In pertinent part, that rule provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."

3

need not cite a specific statutory provision or articulate a perfect 'statement of the legal theory supporting the claim asserted.'" *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (citing *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014)) (emphasis in original). "Having informed [Defendants] of the factual basis for their complaint, [Plaintiffs a]re required to do no more to stave off threshold dismissal for want of an adequate statement of their claim." *See Johnson v. City of Shelby*, 135 S. Ct. at 347; *see also, e.g.*, *Johnson v. Honda*, 2015 WL 5794449, at *3 ("In the present case, the failure to identify the theory of the pleadings would not be a sufficient basis to dismiss the case . . . .").

Accordingly, the Court turns to the only grounds stated for dismissal based on the factual allegations of the Complaint. *See Smith*, 615 F. App'x at 833. Specifically, Defendants state that "Plaintiffs' [RESPA] claims related to QWRs are due to be dismissed" pursuant to the applicable RESPA section, 12 U.S.C. § 2605(e). (*See* Defs.' Mem. 7, ECF No. 11).

> That section describes the duty of a loan servicer to respond to borrower inquiries and provides that if a 'servicer of a . . . loan receives a [QWR] . . . for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 5 days . . . unless the action requested is taken within such period.' To constitute a QWR, the correspondence from the borrower must enable the servicer to identify the name and account of the borrower, include a statement of the reasons for the borrower's belief that the account is in error or provide sufficient detail to the servicer regarding other information sought by the borrower. Within thirty days of receipt of a QWR the servicer must either make appropriate corrections to the borrower's account or, after

4

>investigation, provide a written explanation including a statement of reasons the servicer believes the account is correct or any other information requested by the borrower.

*Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 241 (5th Cir. 2014) (citing 12 U.S.C. § 2605(e)).

"To state a viable claim under Section 2605(e), [the plaintiffs must] plead that their correspondence met the requirements of a QWR, that [the defendant] failed to make a timely response, and that this failure caused them actual damages." *See id.* Defendants do not contend that Plaintiffs have failed to sufficiently plead these elements, and, having reviewed the Amended Complaint in detail, the Court finds that Plaintiffs have sufficiently alleged RESPA claims related to QWRs. *See, e.g.*, *Peters v. Bank of Am. Corp.*, No. 4:12cv635, 2013 WL 3354441, at *3 (E.D. Tex. July 2, 2013).

Instead, Defendants argue that other district courts have held that litigation discovery requests such as the ones described in the Amended Complaint do not qualify as QWRs. No courts within this Circuit have held as much, however, and the Court will not dismiss these claims on this ground. In doing so, the Court offers no opinion on the viability of these claims at the summary judgment stage or otherwise. But at the motion to dismiss stage, the Court finds that Plaintiffs have sufficiently stated facts "to raise a right to relief above the speculative level and into the realm of plausible liability as to whether [each of the identified communications qualifies as] a QWR. [These] claim[s] should remain at this time." *See id.* (citation and quotation marks omitted).

Defendants' second contention for dismissal under RESPA is that Defendant Citibank cannot be liable for QWR claims as the owner, not servicer, of the subject loan. Plaintiffs acknowledge that Citibank is the owner of the loan, but argue that "Defendants do not cite any on point, controlling authority which holds that under no circumstances can a loan 'owner' be liable and/or jointly liable for violations of RESPA" related to QWRs. (*See* Pls.' Mem. 9, ECF No. 13). The Court is not persuaded by this argument. Defendants did not need to cite case law where the statutory language of § 2605(e) is clear that it applies only to *servicers*. *See* 12 U.S.C. § 2605(e) ("If any *servicer* of a federally related mortgage loan receives a qualified written request . . . .") (emphasis added). Thus, these claims will be dismissed against Defendant Citibank. *See, e.g.*, *Hazzard v. Bourgeios*, No. C-11-51, 2011 WL 4738235, at *2 (S.D. Tex. Oct. 6, 2011) ("With respect to his RESPA claims, Plaintiff asserts only that Defendant Wells Fargo failed to respond to his qualified written request. Plaintiff fails to allege specifically that Defendants Barrett and Bourgeois are loan servicers under RESPA . . . .").

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [10] Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**, as discussed herein.

**SO ORDERED AND ADJUDGED** this the 18th day of July, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE